848 F.2d 191
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glen HODGE and Judy Hodge, Plaintiffs-Appellees,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
 No. 87-5209.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1988.
 
 Before BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Having sustained fire damage to their home, plaintiffs, Glen and Judy Hodge, filed this diversity action to recover under a homeowners' insurance policy issued by Allstate Insurance Company. Shortly after the fire, an insurance adjuster took two statements from Mr. Hodge. On both occasions, Mr. Hodge could remember only two prior incidents of fire. Later, at his deposition, Mr. Hodge described seven separate instances in which his property had been damaged by fire.
 
 
 2
 At the first trial of the matter, Allstate cross-examined Mr. Hodge concerning these inconsistent recollections of previous fires. Mr. Hodge's statements to the adjuster were admitted into evidence for all purposes. After a jury verdict for Allstate, the magistrate ordered a new trial, in part because he concluded that the evidence of Mr. Hodge's previous fires should not have been admitted. At the second trial, evidence of the prior fires was excluded and the jury returned a verdict for the Hodges.
 
 
 3
 Allstate contends that the magistrate erred in granting a new (second) trial because Mr. Hodge's statements concerning prior fires were properly admitted. We review the lower court's decision for an abuse of discretion. Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565, 1573 (6th Cir.1985), cert. denied, 106 S.Ct. 3335 (1986).
 
 
 4
 We conclude that the magistrate did not abuse his discretion in ordering a new trial and excluding the evidence of prior fires. In the absence of any proffer by Allstate of evidence that the prior fires were at least unexplained or suspicious, those fires were not logically relevant to any issues in the case.
 
 
 5
 The only other basis for admitting Mr. Hodge's inconsistent statements about the prior fires would be to impeach his credibility. However, the magistrate was in no position to permit Allstate to do indirectly, under the guise of impeachment, what it could not do directly. The fact that Mr. Hodge made inconsistent statements, in the sense that on one occasion he said he had two prior fires and on another occasion he said he had seven prior fires, would have been admissible to show that he had been untruthful on a previous occasion, but Allstate never made that limited proffer. Instead, it sought to admit the detailed listing of the fires and insurance recoveries which Mr. Hodge had listed in his prior statement. Accordingly, the magistrate was warranted in determining that the impeachment value of the inconsistent statements was outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.
 
 
 6
 Finally, Allstate contends that the magistrate erred in ordering a new trial because the general jury verdict in favor of Allstate could have been sustained on Allstate's affirmative defense of arson. We believe that the improper admission of evidence of the prior fires tainted the entire verdict, and that the magistrate did not abuse his discretion in ordering a new trial.
 
 
 7
 Accordingly, the judgment entered December 23, 1986 is affirmed.
 
 
 
 *
 Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation